ABRAHAM WILKES, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

First Department, May 29, 1941.

*Copal Mintz,* for the appellant.

*James D. Ewing* of counsel [*William R. McDermott* with him on the brief; *Alexander & Green,* attorneys], for the respondent.

CALLAHAN, J.   This action is brought by the plaintiff to recover disability benefits claimed to have become due under nine policies of insurance issued by the defendant on plaintiff's life.   The complaint sets up a separate cause of action on each policy for the monthly disability payments thereunder for the period from October, 1937, to the date of the commencement of the present action, January 18, 1938.   A tenth cause of action was set forth in the complaint to recover annual dividends which accrued under the said policies during the same period, but as no proof was submitted under this cause of action we may deem it abandoned.

It is conceded that the plaintiff became totally and permanently disabled by bodily injury or disease in 1932, and that plaintiff filed with the defendant due proof of his disability.   The defendant allowed such claim, and for five years, to September, 1937, paid plaintiff the disability benefits provided for by said policies.

Plaintiff's first six causes of action involved six policies issued prior to 1929, with respect to which the defendant asserts no affirmative defense or counterclaim.

The seventh, eighth and ninth causes of action are based on policies issued in 1930.   As to these policies defendant asserts

defenses of misrepresentation in securing same. Defendant counterclaims to recover all disability payments which it had previously paid under these three policies. The basic issues concern defendant's claim of misrepresentation as to treatment for prior illnesses in the application for these three policies. Defendant asserts that prior to the issuance of these three policies plaintiff had suffered heart attacks which he had concealed from defendant, and that these policies were issued in ignorance of such concealment. Defendant in its counterclaim asks for judgment rescinding and canceling the total and permanent disability provisions and the double indemnity provisions contained in these contested policies, and declaring said provisions null and void. The life features of the insurance were incontestable under the law (Insurance Law, § 101 [now § 155]) but the contract provided that the disability provisions were contestable. The defendant's counterclaims further ask judgment against the plaintiff for $12,300, representing the disability payments which it made, with interest on each monthly payment, and asks judgment declaring said policies lapsed for non-payment of premiums, asserting that it erroneously waived payment of these premiums in reliance on the misrepresentations under which the policies were secured.

The issue concerning the plaintiff's misrepresentation was submitted to the jury, which found in defendant's favor with respect thereto. We think that the jury's verdict was justified on the evidence.

While plaintiff assigns numerous claims of error by reason of which he contends the judgment entered upon the verdict should be reversed, we do not find that any of these alleged errors warrant reversal. Nor do we find any prejudicial error in the practice pursued in entering judgment on defendant's counterclaim for equitable relief. Though plaintiff's action was at law and the jury passed only on the basic issue of fraud, defendant's answer prayed for affirmative equitable relief based on such alleged fraud. No motion was made for separation of the issues, and we deem that the justice presiding at the trial was justified in granting defendant a judgment in equity.

We think, however, that the judgment so entered was erroneous to the extent that it directed that the last three policies be deemed lapsed for the non-payment of the waived premiums, at least in so far as their life insurance features are concerned.

The answer does not allege that the defendant had actually rescinded the policies before the commencement of suit. Rescission is prayed for by way of equitable relief in the counterclaim. Defendant does not assert that it ever demanded the payment of

the premiums which it had waived under the disability provisions. Defendant's position is that as the policies were procured through plaintiff's misrepresentations, the disability provisions and the provisions for waiving premiums contained therein were void *ab initio*, and that it was the same as if there had been no such provisions and no waiver. We think, however, that as there had been an actual waiver over a period of years and no attempted rescission or demand for payment of premiums waived, the judgment should have provided the plaintiff with an opportunity to pay the life insurance premiums so waived. The policies insuring the plaintiff's life were incontestable. As a matter of law, therefore, there were binding contracts of life insurance conditioned on payment of designated premiums. Those premiums had been waived. If the defendant is to be permitted to lapse the policies for non-payment of these premiums upon the theory that its waiver thereof was erroneously procured, such relief might circumvent the statute against incontestability, unless at least plaintiff is given the right to pay for the life insurance.

In *Apter* v. *Equitable Life Assurance Society* (271 N. Y. 653), relied on by defendant, it appears that the waiver of premiums was withdrawn by the company prior to the commencement of the action, and that after notice to the plaintiff by the defendant insurance company of such withdrawal, other premiums fell due which were not paid.

In the present case, defendant's answer does not assert, nor does the proof disclose, any notice of withdrawal of waiver, or demand for payments with subsequent defaults. Under the circumstances we think that the judgment should have provided that the plaintiff should have a reasonable opportunity to pay the premiums which the defendant had erroneously waived, and that in the event of the failure to pay same within such reasonable period, forfeiture take place.

In addition, it appears that the findings signed by the court computed the disability income benefits on the six uncontested policies erroneously. The accruals concededly amount to $4,916.16, and not the figure of $2,002.88 as stated in the findings. Interest will be required to be recomputed accordingly.

The order appealed from should be affirmed and the judgment modified as above indicated, and as so modified affirmed, without costs.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously affirmed and judgment modified as indicated in opinion, and as so modified affirmed, without costs. Settle order on notice.